UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BENJAMIN B.,                              )
                                          )
       Plaintiff                        )
                                          )
v.                                        )    No. 1:17-cv-00423-DBH
                                          )
NANCY A. BERRYHILL,                       )
Acting Commissioner of Social Security,   )
                                          )
       Defendant                        )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found that, absent substance abuse, the plaintiff had no severe impairment or combination of impairments. The plaintiff seeks remand on the bases that the ALJ erroneously evaluated both the opinion evidence of record and his testimony regarding his symptoms and limitations. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 1. I find no error and, accordingly, recommend that the court affirm the commissioner's decision.

This case returns to this court following a November 6, 2015, judgment and order vacating an unfavorable December 17, 2013, decision issued by the ALJ after an October 16, 2013, hearing during which the plaintiff, his mother, impartial psychological expert Ira H. Hymoff, Ph.D., and a vocational expert testified. *See* Record at 438. Post-remand, the ALJ held an April 22, 2016,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

supplemental hearing during which the plaintiff, Dr. Hymoff, and a vocational expert testified. *See id*. at 439.

The ALJ issued a decision dated May 18, 2016, *see id*. at 458, in which, pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), he found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 442; that he had the severe impairments of affective disorder/mood disorder, not otherwise specified, an anxiety-related disorder/post-traumatic stress disorder, a personality disorder/borderline personality disorder, and a substance addiction disorder/alcohol dependence, in partial remission, Finding 3, *id*.; that his substance use disorder met Listing 12.09 and, by implication, Listings 12.04, 12.06, and 12.08 of Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Finding 4, *id.*; that, if he had stopped his substance use, his remaining impairments would have had no more than a minimal impact on his ability to perform basic work activities and, therefore, he would not have had a severe impairment or combination of impairments, Finding 5, *id*. at 453-54; and that, because his substance use disorder was a contributing factor material to the determination of disability, he had not been disabled within the meaning of the Social Security Act at any time from June 1, 2010, through June 1, 2013, the closed period of disability at issue in this case, Finding 6, *id*. at 457.[2] The Appeals Council declined to assume jurisdiction of the case

---

[2] The need to determine whether substance use is material to disability stems from a provision of the Contract with America Advancement Act of 1996 ("Contract with America") that "eliminated disability benefits where drug addiction or alcoholism was a contributing factor material to the Commissioner's determination of disability." *Bartley v. Barnhart*, 117 F. App'x 993, 994 (6th Cir. 2004) (citation and internal quotation marks omitted); *see also* 42 U.S.C. § 423(d)(2)(C). That Contract with America directive was incorporated into the commissioner's regulations, which provide in relevant part, "The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1).

following remand, *id*. at 428-30, making the decision the final determination of the commissioner, 20 C.F.R. § 404.984(a), (b)(2); *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

## I. Discussion

### A. The ALJ's Weighing of Opinion Evidence

#### 1. Background

The ALJ noted that the record contained the opinions of six experts, *see* Record at 451-53: Dr. Hymoff at both the 2013 and 2016 hearings, *see id.* at 68-72, 474-79, agency nonexamining consultants Robert Maierhofer, Ph.D., and Mary A. Burkhart, Ph.D., in evaluations dated January 20, 2012, and May 30, 3012, respectively, *see id*. at 80-81, 92-94, treating psychiatrist Fred A. Bloom, M.D., in a medical source statement dated April 30, 2012, and a letter dated May 15, 2012, *see id*. at 695, 697-99, agency nonexamining consultant Russell Phillips, Ph.D., in an evaluation dated October 23, 2012, *see id*. at 415, and Robert D. Kahl, Ph.D., in a report of a psychological evaluation conducted on September 20, 2012, as supplemented by a letter dated April 13, 2016, *see id*. at 416-26, 743-44.

The ALJ gave little weight to Dr. Hymoff's opinion that the plaintiff's substance use disorder was not material to a finding of disability, explaining that he found the opinions of Drs.

3

Bloom, Maierhofer, and Burkhart "more persuasive given the stark contrast in the [plaintiff]'s symptoms and daily activities during the periods of sobriety versus periods of relapse." *Id*. at 453. *See also id*. at 451 ("Although Dr. Hymoff is a practicing psychologist and is thoroughly familiar with the Social Security disability standard, given Dr. Bloom's clear assessment regarding the materiality of the [plaintiff]'s substance use and as evidenced by the depth and breadth of the daily activity during periods of sobriety, the undersigned has difficulty reconciling Dr. Hymoff's finding that the [plaintiff]'s substance use is not material to a finding of disability.").

The ALJ gave great weight to the opinions of Drs. Maierhofer and Burkhart that, although the plaintiff's substance abuse disorder met Listing 12.09, in the absence of substance use, his remaining mental impairments had no more than a minimal effect on his ability to perform the basic mental demands of work and, therefore, his substance use disorder was material to the determination of disability. *See id*. He noted that Drs. Maierhofer and Burkhart were "thoroughly familiar with the Social Security Administration disability standard," including the determination of whether a claimant's substance use disorder is material to a finding of disability, and based their opinions, which were consistent with the evidence of record as a whole, "on a longitudinal review of the medical evidence of record." *Id*. at 451-52.

The ALJ gave "significant weight" to the April 30, 2012, opinion of Dr. Bloom that the plaintiff's mental impairments, after a five-month period of sobriety, did not interfere with his ability to understand, remember, and carry out instructions, interact with others, or respond to changes in a routine work setting, as well as Dr. Bloom's May 15, 2012, observation that, with abstinence, the plaintiff was "not manifesting incapacitating anxiety . . . although [during] periods of withdrawal . . . he has significant difficulty coping with his home situation." *Id*. at 452 (citations and internal quotation marks omitted) (brackets in original).

4

The ALJ acknowledged that the plaintiff had (i) argued that Dr. Bloom's assessments should be given little weight because they significantly overstated and misrepresented his substance abuse issues and (ii) emphasized his objection to Dr. Bloom's assessment of his social functioning, asserting that he was unable to tolerate social interaction. *See id*. However, the ALJ deemed those arguments "without merit and inconsistent with [the plaintiff's] self-report of his substance use and more recent periods [of] increased and decreased level of functioning during corresponding period[s] of recovery and relapse." *Id*. He added:

> Dr. Bloom based his opinions on his treating relationship with the [plaintiff,] providing him with a longitudinal view of the [plaintiff]'s course of treatment and the effect of sobriety and relapse on his ability to function. Dr. Bloom's opinion is consistent with the medical evidence of record and the evidence of record as a whole. Moreover, the undersigned notes that, inexplicably, the [plaintiff] did not submit Dr. Bloom's April 30, 2012[,] mental residual functional capacity [opinion] at the time of his prior hearing despite its availability. Further, the undersigned notes that no follow up explanation was provided during the supplemental hearing as to why Dr. Bloom's mental residual functional capacity [opinion] was not submitted prior to the undersigned's unfavorable decision issued on December 17, 2013.

*Id*.

The ALJ gave "some weight" to the Phillips assessment, to the extent that it was consistent with his decision. *Id*. He noted that (i) Dr. Phillips had deemed Dr. Kahl's diagnosis of bipolar disorder unsupported by the medical evidence of record, (ii) Dr. Kahl later conceded, after reviewing Dr. Bloom's treatment notes, that Dr. Bloom's diagnosis of an anxiety disorder was more consistent with the record, and (iii) Dr. Phillips had concluded that Dr. Bloom's treatment summary did not indicate the severe symptoms described in Dr. Kahl's testing report. *See id*.

The ALJ gave "little weight" to the 2012 report of Dr. Kahl that the plaintiff had moderate to severe psychological impairments, noting that much of that opinion was based on Dr. Kahl's diagnostic impression of bipolar disorder. *Id*. at 453. The ALJ rejected Dr. Kahl's supplemental

5

opinion that the diagnosis made little difference and that the Bloom treatment notes supported Dr. Kahl's 2012 findings. *See id*. The ALJ explained, "Dr. Bloom's treatment notes reflect an increasing level of daily functioning[,] and his own opinion reflects the undersigned's ultimate finding: that the [plaintiff]'s alcohol dependence is material to the finding of disability in this case." *Id*.

## 2. Plaintiff's Points

The plaintiff complains that the ALJ erred in (i) not adopting the Hymoff opinion but giving great weight to those of Drs. Maierhofer and Burkhart, (ii) giving significant weight to the Bloom opinion, and (iii) failing to provide good reasons for his evaluation of Dr. Kahl's opinion as supplemented in 2016. *See* Statement of Errors at 4-5.

However, as the commissioner notes, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 14) at 3, picking and choosing between conflicting medical opinions is the ALJ's job as fact-finder, *see, e.g., Rodriguez*, 647 F.2d at 222 ("The [commissioner] may (and, under h[er] regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for h[er], not for the doctors or for the courts."). I find no basis on which to disturb the ALJ's weighing of the sharply conflicting opinion evidence before him.

### a. Maierhofer, Burkhart, and Hymoff Opinions

The plaintiff contends that the Hymoff opinion should have been adopted over those of Drs. Maierhofer and Burkhart because Dr. Hymoff reviewed all available evidence of record, including the treatment records and opinions of Dr. Bloom and the original and supplemental opinions of Dr. Kahl, none of which Drs. Maierhofer or Burkhart saw. *See* Statement of Errors at

6

4. At oral argument, the plaintiff's counsel added that Drs. Maierhofer and Burkhart did not have the benefit of review of any of the Hymoff testimony.

As the commissioner rejoins, *see* Opposition at 3, while the completeness of the record reviewed is a relevant consideration, *see, e.g.*, 20 C.F.R. § 404.1527(c)(3), "[a]n [ALJ] is not required to adopt the opinion of one non-examining reviewer over that of [an earlier reviewer] merely because that opinion comes later in time[,]" *Wood v. Astrue*, No. 1:10-cv-243-JAW, 2011 WL 1298460, at *4 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 19, 2011).

An ALJ may rely on the opinions of agency nonexamining consultants who have not seen later-submitted evidence when that evidence does not "call into question their conclusions[,]" *Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *4 (D. Me. Sept. 27, 2012) (rec. dec., *aff'd* Oct. 23, 2012), *aff'd*, No. 13-1001 (1st Cir. June 7, 2013). *See also, e.g., Strout v. Astrue*, Civil No. 08-181-B-W, 2009 WL 214576, at *8-9 (D. Me. Jan. 28, 2009) (rec. dec., *aff'd* Mar. 5, 2009) (no error in reliance on opinions of agency nonexamining consultants when unseen records were either cumulative of those seen or reflected improvement in claimant's condition and functionality, and unseen treating source opinions reflecting greater restrictions were supportably rejected by ALJ).

At oral argument, the plaintiff's counsel sought to distinguish *Anderson* on the basis that it involved later-submitted raw medical evidence that did not call into question agency nonexamining consultants' opinions and *Strout* on the basis that it did not involve later-adduced expert testimony at hearing. I perceive no material distinction.

As the commissioner argues, *see* Opposition at 4, while Drs. Maierhofer and Burkhart did not have the benefit of review of Dr. Bloom's underlying treatment notes or April 30, 2012, opinion, their conclusion that the plaintiff's substance use was material to the finding of disability

7

is consistent with Dr. Bloom's opinion that, after a five-month period of sobriety, the plaintiff's mental impairments did not interfere with his ability to understand, remember, and carry out instructions, interact with others, or respond to changes in a routine work setting, *compare* Record at 80-81, 92-94 *with id*. at 697-99. The Bloom materials hence buttress, rather than call into question, the Maierhofer and Burkhart opinions.

As in *Strout*, the fact that Drs. Maierhofer and Burkhart did not see the opinions of Drs. Hymoff or Kahl is of little moment because the ALJ supportably gave them little weight. The plaintiff's challenge to the ALJ's assignment of little weight to the Hymoff testimony hinges on his unavailing assertion that the ALJ erred in choosing to credit the opinions of Drs. Maierhofer and Burkhart over that of Dr. Hymoff. *See* Statement of Errors at 4. And, for the reasons discussed below, the ALJ did not err in assigning little weight to the Kahl opinion as supplemented.

The plaintiff, thus, falls short of demonstrating that the ALJ erred in according great weight to the Maierhofer and Burkhart opinions.

### b. April 30, 2012, Bloom Opinion

The plaintiff next asserts that the ALJ erred in three respects in giving Dr. Bloom's April 30, 2012, opinion significant weight: that he (i) deemed it consistent with the evidence of record when it was inconsistent with the opinions of Drs. Hymoff and Kahl, (ii) overlooked the fact that Dr. Bloom provided only a brief explanation for his opinion, and (iii) "appeared to base his evaluation of Dr. Bloom's opinion upon findings" that the plaintiff failed to submit that opinion at the time of his initial hearing or explain, at his supplemental hearing, why he failed to do so. Statement of Errors at 4-5.

That Dr. Bloom's opinion was inconsistent with those of Drs. Hymoff and Kahl did not prevent the ALJ from according it significant weight. Indeed, as the commissioner notes, *see*

8

Opposition at 6, it was the ALJ's job to weigh such conflicting opinions, *see, e.g., Rodriguez*, 647 F.2d at 222. To the extent that the plaintiff separately challenges the supportability of the ALJ's decision to accord the Hymoff and Kahl opinions little weight, those challenges fall short for the reasons discussed above and below.

As the commissioner observes, *see* Opposition at 6, even if the plaintiff is correct that Dr. Bloom provided only a limited explanation in his April 2012 form, *see* Record at 697-99, he provided additional detail in his May 15, 2012, and July 17, 2012, letters, *see id*. at 692-95, which the ALJ also considered, *see id*. at 452.

Finally, while the ALJ noted that the April 30, 2012, Bloom opinion was not submitted prior to his earlier decision despite its availability, it is not clear that this observation had anything to do with his assessment of its merits. *See id*. Regardless, he offered good and sufficient reasons for assigning it substantial weight: that "Dr. Bloom based his opinions on his treating relationship with the [plaintiff,] providing him with a longitudinal view of the [plaintiff]'s course of treatment and the effect of sobriety and relapse on his ability to function[,]" and that "Dr. Bloom's opinion [wa]s consistent with the medical evidence of record and the record as a whole." *Id*. The plaintiff does not meaningfully challenge these rationales. *See* Statement of Errors at 4-5.[3]

The plaintiff, thus, falls short of demonstrating that the ALJ erred in according significant weight to the Bloom opinion.

---

[3] The ALJ deemed the Bloom opinion consistent with the record evidence as a whole "given the stark contrast in the [plaintiff]'s symptoms and daily activities during periods of sobriety versus periods of relapse." Record at 453. *See also, e.g., id*. at 445 (describing Dr. Bloom's observation that the plaintiff typically experienced periodic relapses into drinking about every three months as "generally consistent with the evidence of record, which tracks a cycle of sobriety with increased functioning and decreased anxiety and depression, followed by a brief period of relapse with decreased functioning and increased symptomatology") (citations omitted). As the commissioner observes, *see* Opposition at 7-8, the ALJ described that evidence in detail, noting that the plaintiff's activities when sober included attending regular Alcoholics Anonymous meetings, maintaining relationships, looking for jobs, traveling to California, working toward his Master of Business Administration degree, skiing, meditating, doing yoga, self-publishing a book of poetry, working on a novel/memoir, taking a leadership role during residential treatment, and working at his parents' store, *see* Record at 443-44, 455-57.

9

### c. Kahl Report and Supplement

The plaintiff finally contends that the ALJ failed to provide good reasons for discounting the opinion of Dr. Kahl, as supplemented in 2016. *See* Statement of Errors at 5. However, as the commissioner observes, *see* Opposition at 9, he was not required to do so, *see, e.g.*, *Smythe v. Astrue*, No. 2:10-cv-251-GZS, 2011 WL 2580650, at *5 (D. Me. June 28, 2011) (rec. dec., *aff'd* July 21, 2011) (treating source rule, pursuant to which a medical opinion may be rejected only for good reasons, does not apply to a one-time examining consultant).

In any event, as the commissioner argues in the alternative, *see* Opposition at 10-11, the ALJ supplied good reasons for his handling of Dr. Kahl's opinion: that much of it was based on Dr. Kahl's diagnostic impression of bipolar disorder and that it was inconsistent with Dr. Bloom's treatment notes and opinion, *see* Record at 452-53.

The plaintiff contends that the ALJ exceeded the bounds of his expertise as a layperson in rejecting Dr. Kahl's "post-hoc reasoning" that whether the diagnosis was anxiety or bipolar disorder did not matter for purposes of assessing the plaintiff's limitations. Statement of Errors at 5; Record at 453. However, the ALJ relied not only on his own analysis of the Kahl report but also on that of Dr. Phillips, whose discussion indicated that the symptoms of those conditions are not identical. *See* Record at 452 (observation by ALJ that "Dr. Phillips opined that Dr. Kahl's bipolar diagnosis [wa]s not supported by the medical evidence of record in the absence of any discrete period of a manic or mixed episode.") (citation omitted). Moreover, as the ALJ noted, *see id*. at 452, Dr. Kahl himself based much of his 2012 opinion on his diagnostic impression of bipolar disorder, *see id*. at 425-26.

The plaintiff does not challenge the ALJ's second reason for according the Kahl opinion little weight: its inconsistency with the Bloom treatment notes and opinion. *See* Statement of

Errors at 5. Inconsistency with other medical evidence of record is a good reason to discount even the opinion of a treating source. *See, e.g., Campagna v. Berryhill*, No. 2:16-cv-00521-JDL, 2017 WL 5037463, at *4 (D. Me. Nov. 3, 2017) (rec. dec., *aff'd* Jan. 2, 2018) ("[L]ack of support and inconsistency with other substantial evidence of record are well-recognized bases for affording a treating source's medical opinion little or no weight.").

The plaintiff, thus, falls short of demonstrating that the ALJ erred in according little weight to the Kahl report and supplement.

## B. The ALJ's Evaluation of Subjective Statements

The plaintiff finally asserts, and the commissioner concedes, that, in evaluating his statements regarding his symptoms and limitations, the ALJ erroneously cited Social Security Ruling 96-7p ("SSR 96-7") rather than Social Security Ruling 16-3p ("SSR 16-3p"), which superseded SSR 96-7p prior to the date of the ALJ's decision. *See* Statement of Errors at 5-6; Opposition at 12. However, the plaintiff identifies no error flowing from the mistaken citation. *See* Statement of Errors at 5-7.

Instead, the plaintiff generally argues that the ALJ erred in failing to "even describe or summarize [his] testimony on the record during the second hearing, the vast majority of which served to answer the ALJ's questions regarding 'inconsistencies' in the record." *Id*. at 6 (citation omitted). As a result, he complains, the ALJ "erroneously evaluated [his] claim for a closed period of disability based upon those inconsistencies without considering his testimony on the subject." *Id*. at 6-7. This contention fails for two reasons.

First, as the commissioner correctly points out, *see* Opposition at 13, the ALJ did not simply ignore the plaintiff's testimony from the second hearing: he referenced that testimony at least twice. He rejected the plaintiff's explanation that his comment to Dr. Bloom that he was

11

"working hard" was in relation to working hard on his treatment, citing its inconsistency with the plaintiff's numerous other statements detailing his work at his parents' store. *See* Record at 442 *see also id.* at 485-86. And he acknowledged, but rejected, the plaintiff's objections to Dr. Bloom's emphasis on the role that alcohol played and his assessment of the plaintiff's social functioning. *See id*. at 452; *see also id*. at 485, 489.

Second, as the commissioner notes, *see* Opposition at 12-13, SSR 16-3p does not require an ALJ to "summarize" or discuss line by line a claimant's entire testimony. Instead, it requires that adjudicators "examine the entire case record" and issue a decision that "contain[s] specific reasons for the weight given to the individual's symptoms, [is] consistent with and supported by the evidence, and [is] clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2018), at 668, 674. The ALJ did so here.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 8th day of October, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge